| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:20-cv-11724-CAS-KSx | Date | June 2, 2021 |
| Title | Medica Scientia Innovation Research S.L. v. Puma Biotechnology, Inc. et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIRST, SECOND, FOURTH, AND SIXTH AMENDED AFFIRMATIVE DEFENSES (Dkt. 26, filed April 22, 2021)

## I. INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of June 7, 2021 is vacated and the matter is hereby taken under submission.

Plaintiff Medica Scientia Innovation Research S.L ("MedSIR") filed this action against defendants Puma Biotechnology, Inc. ("Puma"), and Does 1 through 10, alleging claims for: (1) quantum meruit; (2) promissory estoppel; and (3) common count for work and labor done. See Dkt. 1 ("Compl.").

MedSIR is a Spanish limited liability company that designs and manages international clinical trials in oncology. Id. ¶ 6. Puma is a Delaware biopharmaceutical company, with its principal place of business in California. Id. ¶ 7. Puma in-licenses and commercializes drug products for cancer treatments, including a drug branded as "Nerlynx" for which the generic name is Nerantinib. Id.

MedSIR alleges that in 2013, Puma engaged MedSIR to design and manage a Puma-sponsored study involving endocrine therapy with a combination of Neratinib and a drug called Trastuzumab, focused on patients with early stage I triple positive breast cancer (the "Enterprise Study"). Id. ¶¶ 8-13. MedSIR alleges that the parties agreed that Puma would fund the Enterprise Study, and MedSIR would design and manage the study. Id. ¶¶ 15. In connection with that understanding, MedSIR alleges that it sent Puma a letter of intent and a proposed written agreement for the Enterprise study, and that the parties exchanged edits to the letter of intent. Id. ¶¶ 18-19. MedSIR alleges that, in the edits to the letter of intent,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:20-cv-11724-CAS-KSx | Date | June 2, 2021 |
| Title | Medica Scientia Innovation Research S.L. v. Puma Biotechnology, Inc. et al | | |

"Puma acknowledged that there were activities and preparations that MedSIR had to perform prior to commencing the Enterprise Study, and that Puma would finance such activities," and that MedSIR relied on those representations when creating the "Study Protocol" for the Enterprise study and conducting related preparations. Id. ¶¶ 19-23, 26. The parties ultimately executed the Agreement without signing the letter of intent. Id. ¶ 24.

MedSIR alleges that Puma subsequently used Enterprise Study preparation materials generated by Puma to attract investors to Puma. Id. ¶¶ 29-30. In addition, MedSIR alleges that in 2018, it agreed to provide Puma with advisory services related to obtaining marketing authorization for Neratinib in Europe, for which MedSIR expected to be paid. Id. ¶¶ 33-34.

According to the complaint, Puma informed MedSIR in October 2019 that it was "stopping all efforts related to the Enterprise Study as a result of Puma's new partnership with a European pharmaceutical company" and has subsequently "refused to pay MedSIR for any of the work MedSIR performed for Puma." Id. ¶¶ 41.

Puma filed an answer on March 8, 2021, dkt. 21, and an amended answer on April 8, 2021, dkt. 25 ("Amended Answ."). Puma's amended answer asserts six affirmative defenses: (1) statute of frauds; (2) laches; (3) statute of limitations; (4) unclean hands; (5) failure to mitigate; and (6) comparative fault. Amended Answ. at 7-9.

On April 26, 2021, MedSIR filed the instant motion to strike Puma's first, second, fourth, and sixth amended affirmative defenses. Dkt. 26-1 ("Mot"). On May 17, 2021, Puma filed an opposition. Dkt. 33 ("Opp'n"). MedSIR filed a reply on May 24, 2021. Dkt. 35 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979). To meet this lenient "fair notice" standard, a defendant need only state "the nature and grounds for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:20-cv-11724-CAS-KSx | Date | June 2, 2021 |
| Title | Medica Scientia Innovation Research S.L. v. Puma Biotechnology, Inc. et al | | |

affirmative defense." See, e.g., Vogel v. Linden Optometry APC, No. 2:13-cv-00295-GAF-SH, 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013); Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012). A matter is "immaterial" within the meaning of Rule 12(f) if it "has no essential or important relationship to the claim for relief or the defenses being plead," and "impertinent" matters are "statements that do not pertain, and are not necessary, to the issues in question." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (internal citations omitted). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "However, motions to strike are typically viewed with disfavor because they are often used for purposes of delay, and because of the strong judicial policy favoring resolution on the merits." Harbor Breeze Com. v. Newport Landing Sportfishing, Inc., No. 8:17-cv-01613-CJC-DFM, 2018 WL 4944224, at *1 (C.D. Cal. Mar. 9, 2018). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

### III. DISCUSSION

MedSIR moves to strike Puma's first, second, fourth, and sixth affirmative defenses—for statute of frauds, laches, unclean hands, and comparative fault, respectively—on the grounds that each of those defenses is "insufficiently/improperly pled or inapplicable to the claims asserted" and therefore fails as a matter of law. Mot. at 2. MedSIR contends that the Court should strike each of these defenses in furtherance of the policy established by Rule 12(f) to "avoid the expenditure of time and money that must arise from litigating spurious issues." Id. (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)).

"Neither the United States Supreme Court nor the Ninth Circuit has determined what standard should be used to determine the sufficiency of a defendant's affirmative defenses, and accordingly, there has been significant disagreement amongst federal district courts within this Circuit." Schwarz v. Meinberg, No. 2:13-cv-00356-BRO-PLA, 2016 WL 4011716, at *3 (C.D. Cal. July 15, 2016). "Within this district, the majority of courts to address the issue have applied the fair notice standard." See id. (collecting cases). "The standard only necessitates describing the defense in 'general terms,' and 'a detailed statement of facts is not required.'" Rosen v. Masterpiece Mktg. Grp., LLC, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016) (internal citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:20-cv-11724-CAS-KSx | Date | June 2, 2021 |
| Title | Medica Scientia Innovation Research S.L. v. Puma Biotechnology, Inc. et al | | |

Here, MedSIR contends that Puma's statute of frauds and comparative fault defenses must fail, because none of the claims MedSIR asserts are subject to those defenses under California law. Mot. at 3, 5. In addition, MedSIR contends that Puma's laches defense is "insufficiently pled" and that its unclean hands defense represents a "mere denial" of the allegations in the complaint. MedSIR then proceeds to attack the merits of each of those defenses in detail. See Mot. at 2-6; Reply at 2-9. MedSIR's arguments regarding the merits of each affirmative defense demonstrate that MedSIR has "fair notice" of "all that is required." See Goldsby v. City of Henderson Police Dep't, No. 2:18-cv-01912-GMN-VCF, 2019 WL 5963996, at *3 (D. Nev. Nov. 13, 2019) ("Plaintiff asks the Court to strike ... defendants' affirmative defenses: for each affirmative defense, he argues the facts of his case to show why each defense will ultimately fail. Plaintiff's detailed factual arguments regarding each affirmative defense illustrates that plaintiff has fair notice of each defense, as required by Rule 8(c)."); Cobra Sys., Inc. v. George Francis Unger IV, No. 8:16-CV-00569-ODW-JEM, 2016 WL 9383517, at *2 (C.D. Cal. Aug. 4, 2016) (denying motion to strike because "Defendant's affirmative defenses [..] give fair notice to plaintiff of the defenses being asserted"); accord Hope Med. Enterprises, Inc. v. Fagron Compounding Servs., LLC, No. 2:19-cv-07748-CAS-PLAx, 2020 WL 227869, at *3 (C.D. Cal. Jan. 13, 2020).

Accordingly, the Court **DENIES** MedSIR's motion to strike Puma's first, second, fourth, and sixth affirmative defenses as legally insufficient or insufficiently pled.

## V. CONCLUSION

The Court **DENIES** MedSIR's motion to strike.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |